**UNITED STATES of America, Plaintiff,**

v.

**Robert E. HOSTY, Defendant.**

**No. 82 CR 388.**

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1988.

Anton R. Valukas, U.S. Atty. by Sheila Finnegan, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Donald C. Shine, Stephen G. Kehoe, Nisen & Elliott, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Defendant Robert Hosty formerly served on the Board of Appeals of Cook County, a government body that reviews and adjusts the County's real estate property tax assessments. Between 1977 and 1982, Hosty accepted bribes from several attorneys. In return, he arranged for the fraudulent reduction of tax assessments appealed by those attorneys. Based on this scheme, a jury convicted Hosty in October 1982 of violating both the mail fraud statute, 18 U.S.C. § 1341, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). This court subsequently sentenced Hosty to a term of work release, a $10,000 fine, and a three-year probation period. After Hosty had finished serving his sentence, the U.S. Supreme Court ruled in McNally v. United States, — U.S. —, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987), that the mail fraud statute does not proscribe violations of intangible rights. Hosty now claims that the McNally ruling invalidates his convictions. He petitions the court for a writ of error coram nobis vacating his convictions and refunding the $10,000 fine that he paid. See 28 U.S.C. § 1651(a). The circumstances surrounding Hosty's case, however, do not justify such extraordinary relief. Therefore, this court denies Hosty's petition.

Like so many defendants in the wake of McNally, Hosty contends that his mail fraud conviction rests on the sort of intangible rights theory that the McNally Court rejected. The indictment against Hosty charged him in part with defrauding Cook County and its citizens of the right to honest tax collection. In light of this charge, Hosty argues that the jury could have based his conviction on conduct that falls outside the scope of the mail fraud statute. He also asserts that the jury may have improperly considered the alleged violations of intangible rights as predicate acts in a pattern of racketeering, thereby tainting his conviction under RICO. Hosty requests coram nobis relief based on his contention that the government's indictment and the court's instructions might have misled the jury about the appropriate law to apply.

■ If Hosty's case stood in a different procedural posture, then his arguments concerning the jury's state of mind would merit closer scrutiny. In the context of a direct appeal, such arguments might even lead to reversal of his convictions. For Hosty, however, the opportunity for direct appeal has come and gone. At this late date, more than five years after Hosty's conviction, the law does not obligate this court to consider the hypothetical possibility of jury error. In order to assess the validity of the conviction, the court need only examine the indictment. So long as the indictment states an offense, Hosty has no claim to coram nobis relief—even if the jury in his case could conceivably have misapplied the law. See United States v. Keane, 852 F.2d 199, 205 (7th Cir.1988).

■ The indictment in the instant case charged Hosty with a cognizable offense, effectively foreclosing any possibility of coram nobis relief. Hosty's tax collection scam, although couched in intangible rights rhetoric by the indictment, certainly possessed the potential for depriving Cook County of tangible property (i.e., tax revenues). When a scheme to defraud demonstrates the mere potential for property deprivation, the indictment alleging such a scheme sufficiently states an offense under the mail fraud statute. Id. Even assuming that the government did not properly

charge Hosty with mail fraud, the indictment states a separate racketeering offense based on the bribes that Hosty received. These bribes, when considered in isolation from the mail fraud allegations, form an independent foundation for establishing a pattern of racketeering. Thus, regardless of any defect in the mail fraud charge, the indictment clearly charged Hosty with a crime under RICO.

As the Seventh Circuit recently observed, the writ of error *coram nobis* is an extraordinary remedy designed to redress only the most obvious miscarriages of justice. *Id.* at 202–03. Having failed to establish such an egregious injustice in his case, Hosty has provided no compelling reason why this court should grant him relief. Because the indictment against Hosty clearly states an offense, the court must deny Hosty's petition for a writ of error *coram nobis*.

IT IS SO ORDERED.